UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN SCHUSTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00359-LEW |
| | ) | |
| DANNY WILLIAMS, as | ) | |
| Executive Director, Collins Center, | ) | |
| University of Maine, | ) | |
| | ) | |
| Defendant | ) | |

## **ORDER ON MOTION TO DISMISS**

This matter is before the Court on Defendant Danny Williams' Motion to Dismiss Plaintiff John Schuster's Complaint (ECF No. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion is granted.

### BACKGROUND

Plaintiff claims that he was a volunteer usher at the Collins Center for the Arts during the 2021-2022 season. When the September 2022 season began, Plaintiff contends that he did not receive the customary email notification sent to volunteer ushers. Upon inquiry, Plaintiff received correspondence that he would have to wait until there were enough ushers to hold a training class. Plaintiff sent numerous additional inquiries and was told that he would have to wait, possibly until next year, and if he did not like that then he could quit. In response, Plaintiff went to the Office of the Provost of the University of Maine but was unable to obtain a meeting. Plaintiff says that the Provost subsequently met

with the Executive Director and as a result, Plaintiff received a letter from the Executive Director terminating any future possibility of ushering. Plaintiff alleges that this firing was in retaliation for him going above the Executive Director to the Provost.

## JURISDICTION

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). For a claim to proceed in this Court, Plaintiff must either present a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332. Pursuant to section 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint ultimately asserts a violation of his Ninth Amendment rights (ECF No. 12 at 1).

## DISCUSSION

To avoid dismissal, Plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Practically speaking, this means the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court will accept factual allegations as true and consider whether the facts, along with reasonable inferences that may arise from them, describe a plausible, as opposed to merely conceivable, claim. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st

Cir. 2011); *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010). Ultimately, "a well-pleaded complaint may proceed even if . . . recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556 (quotation omitted).

Originally, Plaintiff brought his claim, and found safe harbor in federal court, under Title VI of the Civil Rights Act. Title VI of the Civil Rights Act provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" that is federally funded. 42 U.S.C. § 2000d. "Title VI's protections are coextensive with the Equal Protection Clause of the Fourteenth Amendment." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 980 F.3d 157, 185 (1st Cir. 2020), *cert. granted*, 142 S. Ct. 895 (U.S. Jan. 24, 2022) (No. 20-1199). Plaintiff later changed the theory to his claim (ECF No. 12 at 1) after acknowledging that he was unable to bring a claim under Title VI as a person not affected by discrimination on the grounds of race, color, or national origin.

Plaintiff then sought protection under the Ninth Amendment of the Constitution of the United States, which reads: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

> While the Ninth Amendment—and indeed the entire Bill of Rights—originally concerned restrictions upon federal power, the subsequently enacted Fourteenth Amendment prohibits the States as well from abridging fundamental personal liberties. . . . [T]he Ninth Amendment simply lends strong support to the view that the 'liberty' protected by the Fifth and Fourteenth Amendments from infringement by the Federal Government or the States is not restricted to rights specifically mentioned in the first eight amendments.

*Griswold v. Connecticut*, 381 U.S. 479, 493 (1965) (Goldberg, J., Concurring).

Plaintiff claims that the Ninth Amendment is clear in its intention to protect the rights of its citizens not to be denied or disparaged by the Government itself and, in this case, a state-run university.  While the Ninth Amendment does not restrict rights to those that are specifically enumerated in the Constitution, it "does not create substantive rights beyond those conferred by governing law." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 182 (1st Cir. 1997).[1]  Plaintiff has not stated what right under the Ninth Amendment Defendant has violated and thus fails to state an actionable federal claim.

While this motion to dismiss is granted, Defendant proffers that this matter should be dismissed with prejudice.  I decline to follow this suggestion.  Allegations of a *pro se* complaint are held to a less stringent standard than those formal pleadings drafted and submitted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "Dismissal with prejudice may not be appropriate as against a *pro se* plaintiff if the plaintiff diligently prosecuted [their] claims, did not have fair warning of the court's 'inclination to employ so severe a sanction' or did not engage in misconduct 'sufficiently extreme' to justify dismissal with prejudice." *Darby v. Lelling*, 20-CV-11115-DJC, 2022 WL 220313, at *5 (D. Mass. Jan. 25, 2022), appeal dismissed sub nom. *Darby v. U.S.*, 22-1197, 2022 WL 4295269 (1st Cir. May 16, 2022) (quoting *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d

---

[1] "The Ninth Amendment has not been used as the basis for defining rights of individuals[.]" *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 182 (1st Cir.1997) (quoting John E. Nowak & Ronald D. Rotunda, *Constitutional Law* § 11.7 (5th ed. 1995)).

44, 49 (1st Cir. 2003)).  I see nothing in the facts or procedural history of the claim that would compel me to dismiss this pro se litigant's claim with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED** without prejudice.

S<small>O</small> O<small>RDERED</small>.

Dated this 1st day of March, 2023.

/s/ Lance E. Walker  
UNITED STATES DISTRICT JUDGE